JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 15-1960-DOC (KESx)           Date: December 2, 2015

Title: KEVIN E. MONSON V. WILLIAM MARTIN TEZAK

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Goltz | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER REMANDING ACTION TO SUPERIOR COURT [6]**

On November 23, 2015, Defendant William Martin Tezak ("Defendant") removed the present case from Orange County Superior Court to this Court. Notice of Removal (Dkt. 1). On November 25, 2015, Plaintiff Kevin E. Monson ("Plaintiff") filed an Ex Parte Application to Remand Case ("Application") (Dkt. 6). After considering the Application and the record, the Court determines the case was improperly removed and the Court lacks subject matter jurisdiction over the case. Accordingly, the case is REMANDED to Orange County Superior Court.

**I.    Legal Standard**

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Because 28 U.S.C. § 1447(c) contains the word "shall," not the word "may," the court is powerless to hear the case when it lacks subject matter jurisdiction, and must remand the case to the state court. *See Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991) ("[A] finding that removal was improper deprives that court of subject matter jurisdiction and obliges a remand under the terms of § 1447(c).").

A defendant may generally remove a civil action from a state court to a federal court if the action could have been brought in federal court originally. 28 U.S.C. §

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 15-1960-DOC (KESx)                          Date: December 2, 2015

Page 2

1441(a). A federal court has federal question jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 807–08 (1986). A federal court has diversity jurisdiction if: (1) the controversy is between "citizens of different States"; and (2) the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332; *see Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978). Therefore, if the district court has a basis for subject matter jurisdiction under either 28 U.S.C. § 1331 or 28 U.S.C. § 1332, the action may be removed by a defendant. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68–69 (1996); *Wis. Dept. of Corrs. v. Schacht*, 524 U.S. 381, 386 (1998).

However, a major limitation exists regarding the defendant's right to removal. A defendant may not remove a civil action to federal court in the state in which the action was brought if the defendant is a citizen of that state. 28 U.S.C. § 1441(b)(2); *see Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 90 n.6 (2005) (noting lower courts' characterization of the defect as procedural, not jurisdictional). Thus, a district court must remand a case removed by a "local" defendant – that is, a defendant who is a citizen of the state in which the action was originally brought. *See Spencer v. U.S. Dist. Court for N. Dist. of Cal.*, 393 F.3d 867, 870 (9th Cir. 2004) ("It is thus clear that the presence of a local defendant at the time removal is sought bars removal.").

## II.     Analysis

Based on the information provided to the Court, it appears that both parties are citizens of California.[1] *See* Mot. at 3. Defendant is therefore a citizen of the state in which the action was originally brought (California). Accordingly, the Court must remand the case because it was improperly removed by a "local" defendant. 28 U.S.C. § 1441(b)(2); *see U.S. Bank Nat. Ass'n v. Gudoy*, No. 10-1440, 2010 WL 4974570, at *3 (S.D. Cal. Nov. 30, 2010); *Catlett v. McKesson Corp.*, No. 13-03067, 2013 WL 4516732, at *2 (N.D. Cal. Aug. 23, 2013) (granting motion to remand because of the presence of a "forum defendant").

Even if Defendant's removal was not defective on this ground, the Court still finds it must remand the case for lack of subject matter jurisdiction. Defendant alleges removal is proper based upon federal question jurisdiction. Notice of Removal at 1, 8–12.[2] Although Defendant did not argue the issue, the Court will also consider whether diversity jurisdiction exists.

---

[1] Plaintiff's Complaint does not explicitly state the parties' citizenship. *See generally* Compl.

[2] In his Notice of Removal, Defendant references a separate state court action he filed for wrongful foreclosure. The Court will not entertain those arguments because that action is not before the Court.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 15-1960-DOC (KESx)                          Date: December 2, 2015
                                                                                                                   Page 3

       Neither diversity jurisdiction nor federal question jurisdiction exists here. First, there exists no basis for diversity jurisdiction under 28 U.S.C. § 1332. Both parties are citizens of California. *See* Mot. at 3. Because both parties are citizens of the same state, the diversity requirement is not met. Additionally, Defendant state in the Notice of Removal that the Complaint alleges a "total amount in controversy of $701,000." Notice of Removal at 12. However, a review of the Complaint shows that it does not actually allege this amount. In fact, Plaintiff's Complaint seeks damages "at the rate of $100 per day for each day that Defendant continues in possession of the Property after expiration of the three-day period of the Notice." Compl. at 3. Although Plaintiff's Complaint explicitly seeks damages exceeding $10,000, Defendant has failed to meet his burden of proving the $75,000 "amount in controversy" requirement under § 1332 is met. *See Deutsche Bank Trust Co. Americas v. Ale*, No. 13-00350, 2013 WL 781996, at *2 (C.D. Cal. Feb. 28, 2013); *see also Olmos v. Residential Credit Solutions, Inc.*, 92 F.Supp.3d 954, 956 (C.D. Cal. 2015) ("Where, as here, the Complaint does not allege an amount in controversy, the removing party bears the burden of proving 'by a preponderance of the evidence' that the amount in controversy requirement is met. This burden requires the removing defendant to show that it is 'more likely than not' that the amount in controversy is satisfied.") (citations omitted). Thus, because diversity of citizenship between the parties is lacking and the amount in controversy requirement has not been met, this Court has no basis for jurisdiction pursuant to § 1332.

       Second, there is no federal question presented in this case. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). The federal question must not be aided by the petition for removal. *Takeda v. Northwestern Nat. Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985). And, removability cannot be created by counter-claims or defenses presenting federal questions. *Id.*; *see also Caterpillar, Inc.*, 582 U.S. at 393.

       Defendant contends this case involves the Fourteenth Amendment of the United States Constitution and the Civil Rights Act, 28 U.S.C. § 1446. Notice of Removal at 1. However, Plaintiff brought its Complaint under California Code of Civil Procedure § 1161(a) – a state-law claim. *Deutsche Bank Trust Co. Americas*, 2013 WL 781996, at *1. The Complaint contains only this unlawful detainer claim; it does not allege any federal claim or contain any citations to federal law. Thus, from the face of the Complaint, there is no basis for federal question jurisdiction. *See id.*; *see also IndyMac Fed. Bank, F.S.B. v. Ocampo,* No. 09–2337, 2010 WL 234828, at *2 (C.D. Cal. Jan. 13, 2010) (remanding an action *sua sponte* to state court for lack of subject-matter

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 15-1960-DOC (KESx)                                  Date: December 2, 2015

                                                                                                                                              Page 4

jurisdiction where plaintiff's complaint contained only an unlawful-detainer claim); *Galileo Fi. v. Miin Sun Park,* No. 09–1660, 2009 WL 3157411, at *1 (C.D .Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists."). That Defendant might assert a defense based on federal law does not vest this Court with federal question jurisdiction; it is the Complaint that triggers the Court's jurisdiction. Accordingly, the Court finds it lacks subject matter jurisdiction over Plaintiff's unlawful detainer action.

### III.    Disposition

       The Court hereby GRANTS the Application and REMANDS this action to the Superior Court of California, County of Orange, Central Justice Center, No. 30-2015-00794931-CL-UD-CJC.

       The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                                                             Initials of Deputy Clerk: djg
CIVIL-GEN